## GLASS v. HOFFMEISTER.

(Supreme Court, Appellate Term, First Department. May 8, 1913.)

PAYMENT (§ 89*)—VOLUNTARY PAYMENT—EVIDENCE.

Defendant, acting as Municipal Court marshal under an execution against another, appeared at plaintiff's store and threatened to make an immediate levy and remove goods from the store unless paid the amount required by the execution and costs. The clerk communicated with plaintiff by telephone, and was directed to pay the marshal under protest, which he did, taking a receipt, reciting that the officer had received the full amount "under protest." *Held*, that a finding that the payment was voluntary was contrary to the weight of the evidence.

[Ed. Note.—For other cases, see Payment, .Cent. Dig. §§ 291–296; Dec. Dig. § 89.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Diana Glass against Ralph J. Hoffmeister. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Louis Applebome, of New York City, for appellant.
Samuel G. Geller, of New York City, for respondent.

GUY, J. The plaintiff in this action has shown by competent proof that she is the owner of a drug store at No. 67 Second avenue, this city, and that she has been conducting the business there under her own name since January 31, 1911; that her husband's name is Jacob; that on November 14, 1912, this defendant, acting as a marshal, presented an execution to a clerk in the store, which execution directed said marshal to collect a judgment for $28.06 and costs in favor of John Isaacs against "David" Glass, the name "David" being fictitious; that the defendant threatened to make an immediate levy and to remove goods from the store; that the clerk thereupon communicated with the plaintiff over the telephone, acquainted her with the claims made by the defendant and his threatened levy, and was told to pay the amount under protest, which he did. The defendant, upon receiving the amount of the judgment and costs, gave plaintiff's clerk a receipt reading as follows:

"By order of execution issued in the Second District Court of the Borough of the Bronx, City of New York, in the case of John Isaacs v. David Glass, of 67 2d Ave., first name fictitious, I. have been paid the full amount of case under protest.

"Ralph J. Hoffmeister, Marshal City of New York.

"This execution was issued on the 6th day of November, 1912; the case was tried on the 23d day of September, 1912."

The foregoing facts are substantially undisputed. Nevertheless judgment was given for the defendant. The claim of the respondent that the payment upon the execution was voluntary is not only against the weight of evidence, but it is effectually disposed of by the receipt given by him above quoted. There is no evidence given or

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

claim made that the property upon which the defendant threatened to levy was that of the judgment debtor, and the judgment in his favor is wholly without warrant.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.